UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
IN RE: VENETTA R. WRIGHT,          {   CHAPTER 13
                                   {
                                   {   CASE NO. A22-54299-SMS
           DEBTOR(S)               {
                                   {   JUDGE SIGLER
```

**CHAPTER 13 TRUSTEE'S OBJECTION TO
CONFIRMATION AND MOTION TO DISMISS
CASE WITH PREJUDICE**

COMES NOW, K. Edward Safir, Chapter 13 Trustee herein, and files herewith his Objection To Confirmation And Motion To Dismiss Case with Prejudice, and as grounds shows the Court as follows:

**PLEASE TAKE NOTICE THAT A DISMISSAL OF THIS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTION 109(g) WILL MEAN THAT THE DEBTOR(S) WILL NOT BE PERMITTED TO FILE ANOTHER CASE UNDER CHAPTER 13 FOR A PERIOD OF 180 DAYS FOLLOWING THE DATE UPON WHICH THIS CASE IS DISMISSED.**

**THE FAILURE OF THE DEBTOR(S) TO APPEAR AT THE HEARING ON THIS MOTION TO DISMISS MAY BE CONSIDERED BY THE COURT AS EVIDENCE OF DEBTOR(S) WILLFUL FAILURE TO APPEAR BEFORE THE COURT IN PROPER PROSECUTION OF THE CASE WITHIN THE MEANING OF 11 U.S.C. SECTION 109(g) OF THE BANKRUPTCY CODE.**

OBJECTIONS TO CONFIRMATION

1.  The Debtor(s) Plan does not comply with the provisions of the Bankruptcy Code in that:

a)  The Trustee requests proof of all post-petition mortgage payments prior to the confirmation date in order to determine feasibility pursuant to 11 U.S.C. § 1325(a)(6).

b)  The Chapter 13 petition and schedules fail to disclose a credit union and a retirement, in violation of 11 U.S.C. § 521 and Fed. R. Bankr. P 1007(b).

c)  The Debtor(s) may have failed to provide adequate notice to homeowners' association, in violation of 11 U.S.C. § 342.

d)  The boxes checked in Section 4.4 of the proposed Chapter 13 plan are conflicting.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
sonyab@atlch13tt.com

e)  The schedules provide that NODA Federal Credit Union has a secured or priority claim(s); however, the Chapter 13 Plan fails to provide for said creditor(s) in violation of 11 U.S.C. § 1322.

f)  Debtor's (s') Schedule I reflects a contribution from daughter of $1,000.00 per month. The trustee requests documentation regarding this contribution. If the contribution is from rental income, the trustee requests documentation such as a copy of the written lease. 11 U.S.C. § 1325(a)(6).

g)  The Chapter 13 budget fails to include expenses for a second mortgage payment; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. § 1325(a)(6).

h)  The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. § 329 and Bankruptcy Rules 2016(b) and 2017; specifically, line #6 and 7.

i)  The Form 122C-1 filed in this case fails to disclose all of the Debtor's income in the six months preceding the filing of this case.

j)  Pursuant to testimony from the meeting of creditors, it appears that Debtor(s) has a pending or anticipated personal injury claim.  The Chapter 13 Petition and schedules fail to fully disclose this claim, in violation of 11 U.S.C. § 521 and Bankruptcy Rule 1007(h).  Further, Schedule A/B does not fully disclose this matter, thereby preventing the Chapter 13 Trustee from evaluating whether any existing or anticipated proceeds exceed exemption limitations as set forth in O.C.G.A. § 44-13-100.

k)  Pursuant to testimony from the meeting of creditors, it appears that Morgan & Morgan represents the Debtor(s) in a pending or anticipated non-legal claim.  Said attorney has not been approved as special counsel by the Bankruptcy Court, 11 U.S.C. § 329 and Fed. R. Bankr. P 2016 and 2017.

l)  Debtor(s) has filed four (4) previous bankruptcy case(s) to-wit: case number 18-31045 was filed September 28, 2018 and dismissed October 25, 2018; 18-70347 was filed December 3, 2018 and dismissed July 17, 2020, 20-68572 was filed July 30, 2020 and dismissed October 13, 2020 and 20-72172 was filed November 30, 2020 and dismissed June 3, 2022.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
sonyab@atlch13tt.com

<u>MOTION TO DISMISS CASE WITH PREJUDICE</u>

1.  The Trustee requests proof of all post-petition mortgage payments prior to the confirmation date in order to determine feasibility pursuant to 11 U.S.C. § 1325(a)(6).

2.  The Chapter 13 petition and schedules fail to disclose a credit union and a retirement, in violation of 11 U.S.C. § 521 and Fed. R. Bankr. P 1007(b).

3.  The Debtor(s) may have failed to provide adequate notice to homeowners' association, in violation of 11 U.S.C. § 342.

4.  The boxes checked in Section 4.4 of the proposed Chapter 13 plan are conflicting.

e)  The schedules provide that NODA Federal Credit Union has a secured or priority claim(s); however, the Chapter 13 Plan fails to provide for said creditor(s) in violation of 11 U.S.C. § 1322.

5.  Debtor's (s') Schedule I reflects a contribution from daughter of $1,000.00 per month. The trustee requests documentation regarding this contribution. If the contribution is from rental income, the trustee requests documentation such as a copy of the written lease. 11 U.S.C. § 1325(a)(6).

6.  The Chapter 13 budget fails to include expenses for a second mortgage payment; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. § 1325(a)(6).

7.  The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. § 329 and Bankruptcy Rules 2016(b) and 2017; specifically, line #6 and 7.

8.  The Form 122C-1 filed in this case fails to disclose all of the Debtor's income in the six months preceding the filing of this case.

9.  Pursuant to testimony from the meeting of creditors, it appears that Debtor(s) has a pending or anticipated personal injury claim.  The Chapter 13 Petition and schedules fail to fully disclose this claim, in violation of 11 U.S.C. § 521 and Bankruptcy Rule 1007(h).  Further, Schedule A/B does not fully disclose this matter, thereby preventing the Chapter 13 Trustee from evaluating whether any existing or anticipated proceeds exceed exemption limitations as set forth in O.C.G.A. § 44-13-100.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
sonyab@atlch13tt.com

10. Pursuant to testimony from the meeting of creditors, it appears that Morgan & Morgan represents the Debtor(s) in a pending or anticipated non-legal claim.  Said attorney has not been approved as special counsel by the Bankruptcy Court, 11 U.S.C. § 329 and Fed. R. Bankr. P 2016 and 2017.

11. The Debtor(s) has filed four (4) recent Chapter 13 case(s), each of which was dismissed by the Court.  Said case(s) are as follows:

a)  Debtor(s) first case, 18-31045 was filed September 28, 2018 and dismissed October 25, 2018

b)  Debtor(s) second case, 18-70347 was filed December 3, 2018 and dismissed July 17, 2020

c)  Debtor(s) third case, 20-68572 was filed July 30, 2020 and dismissed October 13, 2020

d)  Debtor(s) fourth case, 20-72172 was filed November 30, 2020 and dismissed June 3, 2022

The Debtor(s) conduct in this and the previous cases demonstrates that the Debtor(s) has filed this case without any intention of properly prosecuting this case and has failed to appear before the Court in proper prosecution of this case within the meaning of 11 U.S.C. Section 109(g).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor(s)' plan, and to dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section 109(g), thereby rendering the Debtor(s) ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days; or, in the alternative, convert this case to one under Chapter 7.

Dated: August 2, 2022

Respectfully submitted:


_____/s_____
Sonya Buckley Gordon, Esq.
for Chapter 13 Trustee
GA. Bar No. 140987

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
sonyab@atlch13tt.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

IN RE: VENETTA R. WRIGHT,      {  CHAPTER 13
                                {
                                {  CASE NO. A22-54299-SMS
      DEBTOR(S)          {
                                {  JUDGE SIGLER

### **Notice of Hearing on Trustee's Motion to Dismiss**

PLEASE TAKE NOTE that the Chapter 13 Trustee has filed a Motion to Dismiss and related papers with the Court seeking an Order dismissing this case with prejudice.

PLEASE TAKE FURTHER NOTICE that the Court will hold an initial telephonic hearing for announcements on the Motion to Dismiss at the following number: toll-free number: (833) 568-8864; meeting ID 1611794270, at 9:30AM on August 30, 2022 in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA, 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov, for more information.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, 75 Ted Turner Drive, SW, Suite 1340, Atlanta, GA, 30303. You must also mail a copy of your response to the undersigned at the address stated below.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
sonyab@atlch13tt.com

July 27, 2022

                         Respectfully submitted:


                         _____/s_____
                         Sonya Buckley Gordon, Esq.
                         for Chapter 13 Trustee
                         GA Bar No. 140987


K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
sonyab@atlch13tt.com

A22-54299-SMS

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on this day I caused a copy of the foregoing pleading to be served via United States First Class Mail, with adequate postage thereon, on the following parties at the address shown for each:

DEBTOR(S):

VENETTA R. WRIGHT
2989 SWEETBRIAR WALK
SNELLVILLE, GA 30039-5262

I further certify that I have on this day electronically filed the pleading using the Bankruptcy Court's Electronic Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

STANLEY J. KAKOL, JR.

This 2nd  day of August, 2022

_____/s_____
Sonya Buckley Gordon, Esq.
for Chapter 13 Trustee
GA Bar No. 140987

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, Suite 1600
Atlanta, GA 30303
404-525-1110
sonyab@atlch13tt.com