# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | Case Number: 22-54299 |
| ) | |
| VENTETTA RENEE WRIGHT, ) | Chapter 13 |
| ) | |
| Debtor. ) | Judge Sage M. Sigler |
| ) | |
| New Day Funding, LLC & ) | |
| NDF Partners, LLC ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | **Contested Matter** |
| ) | |
| Venetta Renee Wright, Debtor ) | |
| K. Edward Safir, Trustee ) | |
| ) | |
| Respondents ) | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that New Day Funding, LLC & NDF Partners, LLC has filed Motion for Leave to File Late Proof of Claim and related papers with the Court seeking an order to grant leave to file a late filed proof of claim.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the *Motion for Leave to File Late Proof of Claim* at the following number: (toll-free number: ***833-568-8864***; meeting id ***161 179 4270*** at 10:00 A.M. on December 13, 2022 in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: *October 19, 2022*           /s/ Brian S. Goldberg _____
                                                          *Brian S. Goldberg*
                                                          Counsel for Movant
                                                          *Georgia Bar No. 128007*
                                                          *Freeman Mathis & Gary, LLP*
                                                          *100 Galleria Pkwy, Suite 1600*
                                                          *Atlanta, Georgia 30339*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case Number: 22-54299 |
| | ) | |
| VENTETTA RENEE WRIGHT, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Sage M. Sigler |
| | ) | |
| New Day Funding, LLC & | ) | |
| NDF Partners, LLC | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Contested Matter |
| | ) | |
| Venetta Renee Wright, Debtor | ) | |
| K. Edward Safir, Trustee | ) | |
| | ) | |
| Respondents | ) | |

## MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM

Comes now, New Day Funding, LLC & NDF Partners, LLC ("Movant"), by and through undersigned counsel, respectfully moves this Court for leave to file its proof of claim outside the bar date. In support of Movant's motion for leave to file late proof of claim, Movant shows this Honorable Court as follows:

1.

On June 6, 2022, Venetta Renee Wright ("Debtor") filed for Chapter 13 Bankruptcy Protection. (Doc. 1).

2.

Debtor listed Movant under Schedule D of the Petition with a claim of $37,741.65. (Doc. 1 at 25).

3.

Debtor provided an incorrect mailing address of Movant as follows:

**c/o O'Kelley & Sorohan
Attn: Brian S. Goldberg
2170 Satellite Blvd, Suite 375
Duluth, GA 30097**

(*Id.*). The address listed for the Movant is actually the Movant's attorney's *former* law firm mailing address.

4.

Regardless, Movant's attorney was not an authorized agent to accept service on behalf of Movant for bankruptcy filings in the *present* case.

5.

Movant did not receive notice of the present bankruptcy filing.

6.

On August 28, 2022, Debtor filed an amended Schedule D which again provided Movant with a claim amount of $37,741.65, and still listed an incorrect address of the Movant's attorney's *former* law firm mailing address. (Doc. 23 at 10).

7.

Late filed claims may be permitted due to Debtor's failure to properly notify a creditor. *See In re Adams*, 502 B.R. 645, 649 (Bankr. N.D. Ga. 2013) ("When a creditor has not received notice of the case, questions necessarily arise about the rights of the creditor and the debtor's ability to achieve a fresh start.").

8.

Fundamental fairness and due process provide sufficient grounds under 11 U.S.C. § 105(a) for this Court to exercise its equitable discretion to allow a late-filing when no, or insufficient, notice is given to a creditor. *See id.* (citing *In re Hairopoulos*, 118 F.3d 1240 (8th Cir.1997); *U.S. v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir. 1990); *In re Avery*, 134 B.R. 447, 449 (Bankr.N.D.Ga.1991)).

9.

Federal Rule of Bankruptcy Procedure 3002 has recently been amended, effective December 1, 2022, as follows:

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

Fed. R. Bankr. P. 3002(c)(6).[1]

---

[1] Advisory Notes read, "Rule 3002(c)(6) is amended to provide a single standard for granting motions for an extension of time to file a proof of claim, whether the creditor has a domestic

10.

Here, the Debtor allegedly sent notices to the Movant's attorney's *former* law firm address, and admittedly not to the Movant—as admitted in the amended and original Schedule D filed by the Debtor.

11.

Notice of the Bankruptcy Petition filing was never properly sent to the Movant and so Movant was not notified of the petition.

12.

Further, because Movant's attorney was never designated as an authorized agent to accept service of bankruptcy filings in the present case, Debtor failed to provide sufficient notice to afford Movant due process.

13.

The Debtor will not suffer any prejudice with a late-filed claim being permitted because the Debtor has already scheduled Movant for a claim in the amount of $37,741.65. (*See* Doc. 23 at 10).

14.

Debtor has additionally proposed to pay Movant through the Chapter 13 Plan in an amount that is closely established to the scheduled amount. (*See* Doc. 2).

---

address or a foreign address. If the notice to such creditor was "insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim," the court may grant an extension.

15.

The bankruptcy estate benefits by permitting the filing of a late-filed claim because the indebtedness will not be discharged. *See* 11 U.S.C. § 523(a)(3). As such, debtor will not achieve a "fresh start" from the bankruptcy case.

16.

Even if the debtor could obtain a discharge, Movant's interest in the underlying real estate is secured by its security deed and thus survives a discharge.

17.

Movant has filed its proof of claim with this Court as Claim 11-1, in anticipation of this motion, and to minimize delay.

WHEREFORE, Movant requests this Court:

(a)　Grant leave to Movant to file a late-filed proof of claim;

(b)　Grant any other relief that is just and equitable.

Dated October 19, 2022.

**FREEMAN MATHIS & GARY, LLP**

/s/ Brian S. Goldberg
Brian S. Goldberg
Georgia Bar No. 128007
*Attorney for Movant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
T: 678-996-9140
F: 678-236-9154
Brian.Goldberg@fmglaw.com

## Certificate of Service

I hereby certify that on the *19th* day of October, 2022, I electronically filed the foregoing Notice of Hearing and Motion for Leave to File Late Proof of Claim with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record.

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

> Venetta Renee Wright
> 2989 Sweetbriar Walk
> Snellville, GA 30039-5262

Dated October 19, 2022.

**FREEMAN MATHIS & GARY, LLP**

/s/ Brian S. Goldberg
Brian S. Goldberg
Georgia Bar No. 128007
*Attorney for Movant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
T: 678-996-9140
F: 678-236-9154
Brian.Goldberg@fmglaw.com